UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES MARTIN,

    Plaintiff,

v.

PROCTOR FINANCIAL, INC.,

    Defendant.
_____/

Case No. 2:19-cv-10380

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING IN PART AND DENYING
IN PART DEFENDANT PROCTOR FINANCIAL'S
MOTION TO DISMISS [19] AND REQUIRING ADDITIONAL BRIEFING**

On February 7, 2019, Plaintiff Delores Martin filed a class action complaint against Defendants Pacific Union Financial, LLC ("Pacific Union") and Proctor Financial, Inc. ("Proctor"). She alleged various common law claims and a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210. ECF 1. On April 18, 2019, Proctor filed a motion to dismiss. ECF 19. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will grant in part and deny in part Proctor's motion to dismiss. Because Pacific Union has been dismissed from the case, ECF 25, only Plaintiff's conversion and unjust enrichment claims against Proctor will remain.

## BACKGROUND[1]

Pacific Union is a mortgage servicer, and Proctor is Pacific Union's agent that handles the administration of insurance proceeds. Pacific Union and Proctor allegedly engaged in a practice of withholding insurance proceeds from homeowners after damage to their properties until various inspections were completed—for which they allegedly imposed additional fees. *See* ECF 1, PgID 2.

Plaintiff, a homeowner in Sacramento, California, specifically claimed that she refinanced her home with a mortgage from CashCall, Inc. and maintained home insurance from MetLife. *Id.* at 4. After closing on the loan, CashCall provided Plaintiff notice that Pacific Union would service her mortgage loan. *Id.* In 2015, after the mortgage transfer to Pacific Union, pipes in Plaintiff's home burst and caused flooding and other related damage. *Id.* at 5. Plaintiff claimed that she promptly provided notice to MetLife and Pacific Union as required by her insurance policy and deed. *Id.* Based on the claimed damage, MetLife agreed to pay $21,613.09 under the insurance policy. *Id.* MetLife made the insurance payment to Pacific Union, which, in turn, was to use the amount "to either (1) reduce the balance of the mortgage or (2) repair the property." *Id.* Plaintiff claimed that Pacific Union did neither, but rather, "outsourced its administration of the funds" to Defendant Proctor, which disbursed the funds in three installments that each required "arbitrary and onerous paperwork, inspections, and fees"—none of which was permitted under the deed or other

---

[1] On a motion to dismiss, the Court must view all facts in the light most favorable to the non-moving party. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court's recitation here does not constitute a finding of fact.

mortgage documents. *Id.* at 5–6, 9. Defendants also allegedly deducted the cost for each required inspection before they released each installment from the insurance amount ultimately given to Plaintiff. *Id.* at 7.

Once Plaintiff knew the amount she would receive from her insurance, she hired a contractor to begin work on her home. *Id.* When the contractor informed Plaintiff that he had completed one third of the work, she scheduled the first inspection. *Id.* But the inspector believed that less than one fourth of the work was complete and therefore refused to permit Plaintiff to receive the first installment payment. *Id.* Plaintiff was then forced to pay the contractor out of pocket to ensure that the repairs would continue. *Id.* She charged the amount on her credit card, thereby allegedly incurring additional fees and interest on the work. *Id.* at 7–8. When the work was completed, Plaintiff could only receive the final installment of the insurance payments once the contractor released the lien on the home and a final inspection was completed. *Id.* at 8. Because the contractor refused to sign a release before he was paid in full, Plaintiff was required to pay the full amount out of pocket before she received the full insurance amount. *Id.*

Plaintiff also brought the complaint on behalf of a nationwide and California-wide class. ECF 1, PgID 10–13. She claimed that mortgagors throughout California and nationwide experienced similar breaches; *i.e.*, they "suffered a covered loss to [their] home[s]" and were "unable to receive [] full insurance proceeds until inspections were performed" by Defendants at the expense of the homeowners. *Id.* at 12.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. When evaluating a claim under Rule 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiffs, presume the truth of all well-pled factual assertions, and draw every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may only grant a 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal citation omitted)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must grant dismissal. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Plaintiff raised four causes of action in her complaint: breach of contract/breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, and a violation of the UCL. ECF 1. Her claims sound in California state law. *See* ECF 1-2, PgID 33, 38. Proctor moved to dismiss each claim. ECF 19.

I.  Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealing

Proctor argued that Plaintiff's breach of contract claim must fail because there was no contract or contractual privity between it and Plaintiff. ECF 19, PgID 114. Under California law, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Here, Proctor, as a contractor for the loan servicer, is not a party to the deed of trust. *See Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (citations omitted). In fact, not even the loan servicer, Pacific Union, is a party to the deed. *See id.* And Plaintiff failed to allege facts that might constitute mutual assent to establish the existence of an implied contract between Plaintiff and Proctor. *See Connors v. Home Loan Corp.*, No. 08-1134, 2009 WL 1615989, at *6 (S.D. Cal. June 9, 2009) (citing *Div. of Labor Law Enf't v. Transpacific Transp. Co.*, 69 Cal. App. 3d 268, 275 (1977)).

Likewise, Proctor also argued that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must fail because there was no vertical privity between it and Plaintiff. ECF 19, PgID 116. Under California law, every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 798 (2008) (citations omitted). But no such duty arises if there is no contractual relationship between the parties. *See Connors*, 2009 WL 1615989, at *6. As established above,

5

Plaintiff failed to allege sufficient facts to establish the existence of either an express or implied contract between herself and Proctor. The Court will therefore dismiss Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims.

II. Conversion

To plead a claim for conversion, Plaintiff must allege: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) (quotations omitted). Plaintiff has pleaded as to Proctor: (1) the insurance proceeds belonged to her; (2) Proctor and Pacific Union unlawfully converted a portion of those proceeds, and (3) Proctor caused Plaintiff financial damage.

Instead of disputing the sufficiency of the allegations as to any of the elements, Proctor claimed that Plaintiff's conversion claim must fail because it cannot be liable for the torts of its principal, Pacific Union. ECF 19, PgID 117. As a general rule, "agents are not liable for the torts or breaches of contract of their principals." *Kurtin v. Elieff*, 215 Cal. App. 4th 455, 480 (2013), *as modified on denial of reh'g* (May 8, 2013) (citing *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 255 (1999)). But, as Plaintiff rightfully pointed out, agents may be liable "for their *own* independent torts and breaches of contract in connection with 'acts in the course of their agency.'" *Id.* (citing *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon &*

*Gladstone*, 107 Cal. App. 4th 54, 68–85 (2003); *Bayuk v. Edson*, 236 Cal. App. 2d 309, 319–320 (1965)) (emphasis in original).

Here, Plaintiff alleged that Proctor was Pacific Union's agent. *See* ECF 1, PgID 4–6. Pacific Union is the mortgage servicer, who in turn hired Proctor as its agent to assist in the administration of the insurance funds. *Id.* at 4–5. The insurance company paid the insurance proceeds to Pacific Union pursuant to the terms of Plaintiff's insurance policy. *Id.* at 5. And although a letter was sent to Plaintiff—seemingly from Pacific Union—that outlined the prerequisites to receive each installment of funds (including the allegedly unlawful inspections) Plaintiff claimed that the letter was in fact sent by Proctor. *Id.* at 6; ECF 1-3 (letter). Those allegations, taken as true and under the assumption that the imposition of the inspections and related fees was unlawful, stated a cognizable claim of conversion against Proctor. The Court will therefore deny Proctor's motion to dismiss as to the conversion claim.

III.   Unjust Enrichment

Proctor contended that because each of Plaintiff's other claims fail, her unjust enrichment claim must also fail. ECF 19, PgID 118–19. But such an assertion lacks merit. Under California law, a claim for unjust enrichment is understood as one for restitution—a recognized, standalone claim. *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006). The elements of such a claim are: (1) "receipt of a benefit;" and (2) "the unjust retention of the benefit at the expense of another." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (citation omitted).

Here, Plaintiff alleged that Proctor received and retained profits from inspection fees and also seemed to allege that, in some cases, Proctor received some benefit when homeowners were forced to surrender their property as a result of the payment scheme. ECF 1, PgID 2. As to Proctor's retention of benefits from the foreclosure of homes resulting from the alleged scheme, Plaintiff's unjust enrichment claim fails. Proctor is only an agent for the mortgage servicer, Pacific Union, and therefore would not retain any benefits in the form of proceeds because it had no interest in the property, and any proceeds from a foreclosure or default would go to the non-party lender. *See Pickett v. Ditech Fin., LLC*, 322 F. Supp. 3d 287, 294 (D.R.I. 2018). In fact, not even Pacific Union would retain any benefits from a foreclosure as it is merely the agent of the mortgage lender. *See id.*

But Plaintiff's unjust enrichment claim related to Proctor's retention of profits from the allegedly non-contractual inspection fees survives. Although unclear, Plaintiff's allegations may fairly indicate that Proctor retained, along with Pacific Union, some portion of the profits from the inspection fees taken out of Plaintiff's insurance proceeds and that the profits benefit Proctor at the expense of Plaintiff. Taking the allegations in the light most favorable to Plaintiff, she stated a claim on which relief may be granted. The Court will therefore deny Proctor's motion to dismiss as to Plaintiff's unjust enrichment claim relating to Proctor's retention of profits from the inspection fees only.

IV. <u>Violation of the UCL</u>

Finally, Proctor argued that Plaintiff's UCL claim fails because she did not allege that she lacks an adequate remedy under the law. ECF 19, PgID 119. The Court need not address whether Plaintiff has an adequate remedy, however, because her UCL claim fails on other grounds. Plaintiff's UCL claim is based entirely on Proctor's alleged breach of contract—imposing "fees not contemplated or authorized by the governing contract." ECF 1, PgID 18. Because Plaintiff fails to state a claim for breach of contract against Proctor, Plaintiff also fails to state a claim under the UCL. *See Conder*, 680 F. Supp. 2d at 1176. The Court will therefore grant Proctor's motion to dismiss as to Plaintiff's UCL claim.

**CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Proctor's motion to dismiss. The case shall proceed on only Plaintiff's conversion and unjust enrichment claims against Proctor.

Further, because the Court is skeptical that the amount in controversy may not exceed $5,000,000.00 as required under the Class Action Fairness Act ("CAFA") with only the two, smaller claims remaining, it will require the parties to submit supplemental briefing on whether the Court has jurisdiction over the case.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant Proctor's motion to dismiss [19] is **GRANTED IN PART AND DENIED IN PART**.

9

**IT IS FURTHER ORDERED** that Plaintiff's breach of contract and UCL claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff may **PROCEED** against Proctor on only her conversion claim and unjust enrichment claim relating to the retention of profits from the inspection fees.

**IT IS FURTHER ORDERED** that the parties shall **SUBMIT** briefing no later than **March 31, 2020**, on whether the Court retains jurisdiction under CAFA with only the conversion and unjust enrichment claims remaining.

**SO ORDERED.**

                                s/ Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

Dated: March 17, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 17, 2020, by electronic and/or ordinary mail.

                                s/ David P. Parker
                                Case Manager