UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES MARTIN,

    Plaintiff,

v.

PROCTOR FINANCIAL, INC.,

    Defendant.

    _____/

Case No. 2:19-cv-10380

HONORABLE STEPHEN J. MURPHY, III

## ORDER DISMISSING THE CASE

On February 7, 2019, Plaintiff Delores Martin filed a class action complaint against Defendants Pacific Union Financial, LLC ("Pacific Union") and Proctor Financial, Inc. ("Proctor"). ECF 1. She alleged various common law claims and a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210. *Id.* On January 29, 2020, Plaintiff voluntarily requested that the Court dismiss Pacific Union. ECF 25. Proctor filed a motion to dismiss the claims against it, ECF 19, which the Court granted in part and denied in part, ECF 26. The only claims remaining are Plaintiff's conversion claims and unjust enrichment claim against Proctor. *Id.* Because only two lesser claims remain, the Court required the parties to submit supplemental briefing on whether the Court retained subject matter jurisdiction over the action. *Id.* The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court finds that it lacks subject matter jurisdiction over the remaining claims. The Court will therefore dismiss the case.

1

## BACKGROUND

Pacific Union is a mortgage servicer, and Proctor is Pacific Union's agent that handled the administration of insurance proceeds. Pacific Union and Proctor allegedly engaged in a practice of withholding insurance proceeds from homeowners after damage occurred to their properties until various inspections were completed—for which they allegedly imposed additional fees. *See* ECF 1, PgID 2. Specifically, Plaintiff claimed that she was required to have two inspections completed before she could receive the insurance proceeds and that Defendants deducted $37 for each inspection from her total proceeds. *Id.* at 8–9.

Plaintiff brought the complaint on behalf of a nationwide and California-wide class. *Id.* at 10–13. The classes are defined as all mortgagors in the United States and California, respectively, who suffered damage to their property that was covered by insurance and from whom Defendants withheld the insurance proceeds until inspections could be done for which Defendant imposed a fee. *Id.* at 10–11. The relevant time period for the class is four years prior to the filing of the complaint through class certification in the present action. *Id.* at 11.

## LEGAL STANDARD

The Class Action Fairness Act ("CAFA") provides the Court with "original jurisdiction" to hear a "class action" if the class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (d)(5)(B). To "determine whether the matter in controversy" exceeds that sum, "the claims of the individual class members

2

shall be aggregated." 28 U.S.C. § 1332(d)(6). And the "class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." 28 U.S.C. § 1332(d)(1)(D). "The party opposing dismissal has the burden of proving subject matter jurisdiction." *Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007) (citation omitted).

## DISCUSSION

Defendant has not disputed that there is minimal diversity or that the class is not at least 100 members. Rather, the issue Defendant raises is whether the amount in controversy on the remaining two claims exceeds $5 million in the aggregate.

Plaintiffs argued that based on public postings, Proctor worked with at least 1,500 mortgage servicers and that a conservative assumption of ten mortgagees with insurance payouts per servicer during the relevant time period would result in 75,000 class members. ECF 28, PgID 285. With two inspection fees totaling $74 for each class member, damages would total $5,550,000. *Id.* But contrary to Plaintiff's assertion, her complaint raised allegations relating only to Pacific Union and Proctor's alleged joint scheme. She did not allege that Proctor engaged in the alleged inspection fees scheme with other mortgage servicers. Rather, all her allegations relate to "Defendants" jointly, not Proctor and Pacific Union separately. The class would be limited then to only mortgagors whose mortgage was serviced by and whose insurance proceeds were administered by Pacific Union and Proctor.

Defendant stated that it no longer administers mortgages for Pacific Union and that during the relevant time, it worked on 2,740 mortgages for Pacific Union.

3

ECF 27, PgID 263; ECF 27-1. Assuming each mortgagor faced damage resulting in an insurance payout and with $74 in inspection fees per insurance payout, to reach the $5 million threshold under CAFA, there would have to be at least 25 insurance payouts per mortgage[1]—and that number is not plausible based on a fair reading of Plaintiff's complaint. Even if every class member had one insurance payout, the damages would only total $202,760, far below the $5 million threshold. The amount in controversy under CAFA is not satisfied.

Plaintiff also contended that the injunction for which she sued added to the aggregate total amount in controversy to take it over the threshold amount. Although injunctive relief may be relevant to the CAFA amount in controversy calculation, *see Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004) ("the cost to the defendant of complying with an injunction counts toward the jurisdictional minimum"), the cost to comply with an injunction here would not add any value to the calculation. Defendant indicated that it no longer administers loans for Pacific Union, ECF 27, PgID 263, so there is no cost associated with enjoining the alleged inspection scheme. Plaintiff failed to meet her burden to show jurisdiction exists under CAFA. The Court will therefore dismiss the case.

---

[1] $5,000,000 (minimum amount in controversy required under CAFA) divided by $74 (cost for inspections per inspection payout) equals 67,568 (number of insurance payouts needed to reach the amount in controversy requirement). That number divided by 2,740 (the maximum number in the class) equals 25 inspection per class member.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the case is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: April 7, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 7, 2020, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

5